FILED
09/08/2020
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 4, 2020

## IN RE KY'AURI M.

**Appeal from the Juvenile Court for Hamilton County**
**No. 284385    Robert D. Philyaw, Judge**

_____

### No. E2019-02276-COA-R3-JV

_____

A review of the record on appeal reveals that the order appealed from does not constitute a final appealable judgment. As such, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J.; JOHN W. MCCLARTY, J.; THOMAS R. FRIERSON, II, J.

Emma Andrews, Chattanooga, Tennessee, for the appellant, Tiffany W.

Brian Allen Caldwell, Chattanooga, Tennessee, for the appellee, Robert M.

## MEMORANDUM OPINION[1]

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed the appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*,

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case,

968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Specifically, in its order entered on November 21, 2019, the trial court modified the allocation of parenting time, but failed to make any findings regarding child support. Furthermore, the order does not have attached a current child support worksheet showing the calculation of child support. *See, e.g., Hensley v. Hensley*, No. E2017-00354-COA-R3-CV, 2017 WL 5485320, at *7 (Tenn. Ct. App. Nov. 15, 2017), *no appl. perm. appeal filed* ("we conclude that because the trial court in its judgment has modified the residential co-parenting schedule but failed to address the issue of a corresponding modification in child support, the judgment is not final. We therefore do not have subject matter jurisdiction to consider this appeal."); *In re Gabrielle R.*, No. W2015-00388-COA-R3-JV, 2016 WL 1084220, at *3 (Tenn. Ct. App. March 17, 2016), *no appl. perm. appeal filed* ("Because the trial court did not revisit the child support issue incident to its modification of the parenting plan, the December 22, 2014 order is not a final judgment as it does not adjudicate all issues. Accordingly, we do not have jurisdiction to hear this appeal."). Nor does the order have attached a permanent parenting plan incorporating the Trial Court's modifications. *See*, *Hawk v. Hawk*, No. E2015-01333-COA-R3-CV, 2016 WL 901518, at *10 (Tenn. Ct. App. March 9, 2016), *no appl. perm. appeal filed* ("However, we agree that the court erred by failing to craft a permanent parenting plan and child support worksheet that incorporated its modifications. Tenn. Code Ann. § 36–6–404(a). We remand this case for entry of a permanent parenting plan and a child support worksheet.").

The appellant filed two motions requesting additional time to respond to our show cause order. Both of these motions were granted. Appellant first was granted up to and including July 7, 2020 to respond to our show cause order. Then, by Order entered July 16, 2020, this Court granted appellant up to and including August 28, 2020 within which to respond to our show cause order. Appellant has failed to respond to our show cause order.

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc.*, 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). As there is no final appealable judgment, the appeal is hereby dismissed. Costs on appeal are taxed to the appellant for which execution may issue.

**PER CURIAM**

- 2 -